UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

February 11, 2013

LETTER TO COUNSEL:

    RE:    *Janie Wooters v. Commissioner, Social Security Administration*;
               Civil No. SAG-11-1780

Dear Counsel:

    On June 29, 2011, the Plaintiff, Janie Wooters, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 10, 15). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Wooters filed her claims on May 27, 2009 (SSI) and June 19, 2009 (DIB), alleging disability beginning on May 4, 2009. (Tr. 103-16). Her claim was denied initially on July 20, 2009, and on reconsideration on January 19, 2010. (Tr. 64-68, 70-73). A hearing was held on September 27, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 27-59). Following the hearing, on October 27, 2010, the ALJ determined that Ms. Wooters was not disabled during the relevant time frame. (Tr. 11-26). The Appeals Council denied Ms. Wooters's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Wooters suffered from the severe impairments of obesity, status post right knee replacement surgery, and status post right shoulder surgery. (Tr. 16). Despite these impairments, the ALJ determined that Ms. Wooters retained the residual functional capacity ("RFC") to:

> perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She is limited to lifting and carrying 10 pounds frequently, and standing and walking no more than two hours in an eight-hour workday.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Wooters could perform her past relevant work, and that she was therefore not disabled during the relevant time frame. (Tr. 21).

Ms. Wooters raises three separate issues on appeal. First, she contends that the ALJ failed to afford controlling weight to her treating physician. Second, she contends that the ALJ erred in making an adverse credibility assessment pertaining to her pain. Third, she argues that the ALJ failed to assess her impairments in combination. All of the arguments are unpersuasive.

First, the treating physician rule does not invalidate the ALJ's conclusions. As the Commissioner notes, the opinion in question was written by Elizabeth Sipala, C.R.N.P. (Tr. 860-63). A C.R.N.P. is not a physician, and the opinion is therefore not entitled to controlling weight. *See Richardson v. Astrue*, No. SKG–10–614, 2011 WL 3880406, at *8 (D. Md. Aug. 31, 2011) (determining that nurse practitioners are not acceptable medical sources for purposes of the treating physician rule). Even had Ms. Sipala been a physician, a treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ specifically noted inconsistencies between Ms. Sipala's opinion and the record, including the diagnosis of "lower leg vascular disease" that contradicts various objective findings, and the opinion that Ms. Wooters had suffered from disabling impairments since 2000, when in fact she engaged in substantial gainful activity prior to a for-cause termination in 2007. (Tr. 20-21). I am readily able to discern and evaluate, from the ALJ's analysis, the reasons she chose to afford "limited weight" to Ms. Sipala's opinion. I therefore find the ALJ's assignment of weight to be supported by substantial evidence.[1]

Next, Ms. Wooters contests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as pain. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects her ability to work." *Id.* at 595. The ALJ followed that process in this case. She determined that Ms. Wooters's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 19). However, she did not find Ms. Wooters's testimony as to the intensity, persistence, and limiting effects of her symptoms to be fully credible. *Id.*

In her credibility analysis, the ALJ provided an extensive summary of Ms. Wooters's hearing testimony. (Tr. 19). She continued with an extensive review of the medical findings. (Tr. 19-21). Specifically, the ALJ noted that the activities of daily living contradict the alleged disabling limitations, as did Ms. Wooters's decision to file for unemployment benefits and her continued search for employment through the date of the hearing. (Tr. 19); *see e.g., Clark v.*

---

[1] Ms. Wooters contends that the ALJ further erred by not including all of Ms. Sipala's restrictions in the hypothetical presented to the VE. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). Because the ALJ properly determined that Ms. Sipala's opinion did not accurately reflect Ms. Wooters's limitations, the ALJ did not need to include the restrictions in the hypothetical.

*Astrue,* No. 3:12–cv–00122–MOC–DSC, 2012 WL 6728441, at *3 (W.D.N.C. Dec. 28, 2012) ("While receiving unemployment benefits may not *always* preclude a finding of disability, it is among the many factors that may well support a determination that a claimant is not credible, inasmuch as representing to a state employment agency that one is able to work is usually inconsistent with a claim of disability.")   The comprehensive analysis provided by the ALJ includes substantial evidence to support her credibility conclusion.

     Ms. Wooters's third primary argument is that the ALJ failed to consider her obesity and her back pain in combination with her other impairments.  Ms. Wooters has not established, however, that her obesity causes functional limitations in addition to those created by her other impairments.

     With respect to back pain, the ALJ noted the lack of medical treatment for the impairment. (Tr. 16).  Despite Ms. Wooters's contention that the medical records show physical therapy from 2009-2010, the records in fact reflect a single physical therapy appointment in July, 2009 for aquatic therapy to address back pain.  (Tr. 414-15).  The physical therapy appointments from November, 2009 through 2010 addressed Ms. Wooters's knee and shoulder impairments.  (Tr. 810-56).  Those impairments were successfully remedied by surgery.  Ms. Wooters testified at the hearing that she takes no prescription medication for back pain.  (Tr. 41).  Given the ALJ's adverse credibility determination, and the lack of medical evidence regarding impairments relating to back pain, I cannot find error in the ALJ's assessment.  Because the RFC is supported by substantial evidence, remand is unnecessary.

     For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 10) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED.  The Clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

                                          Sincerely yours,

                                          /s/

                                        Stephanie A. Gallagher
                                        United States Magistrate Judge